250 N.J. Super. 427 (1991)
594 A.2d 1361
CORINE ALLEN AND ALFONSO ALLEN, HER HUSBAND, PLAINTIFFS,
v.
SUMMIT CIVIC FOUNDATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
May 17, 1991.
*428 Robert F. Renaud for plaintiffs (Palumbo & Renaud, attorneys).
Sharon McGahee for defendant (Farabaugh, Frieland, Giles & Hillman, attorneys).
MENZA, J.S.C.
Defendant, Summit Civic Foundation, moves for summary judgment on the basis that it is a charitable organization and therefore exempt from liability.
*429 The question presented is whether a nonprofit, privately funded housing corporation is exempt from liability under the charitable immunity statute. (N.J.S.A. 2A:53A-7)
The facts are these:
Plaintiff leases an apartment from defendant for which she pays a monthly rent. She sustained injuries when she fell in her apartment and now brings suit against defendant, contending it was negligent.
In 1956, the mayor of Summit appointed a citizen's committee to solve the problem of providing adequate housing for certain Summit residents who were displaced from their homes after the city determined that they were substandard. As an outgrowth of that committee, defendant, Summit Civic Foundation, was formed as a nonprofit corporation for the purpose of providing adequate housing primarily for those citizens who had been displaced by the city's actions. The building in question was constructed by the foundation. It was funded by 3%, 30-year bonds which were sold to the public and by three mortgages issued by financial institutions.
The trustees of the foundation do not receive payment for their services. The foundation neither makes nor receives charitable contributions. The only source of defendant's income is the rent it receives from its tenants.
The foundation has never received any housing grants or loans from a governmental entity. However, some of the tenants do, from time to time, receive rent subsidies from the City of Summit and other governmental agencies which are paid directly to the Summit Civic Foundation.
Defendant is exempt from the payment of federal and state income taxes.[1] It does pay local real estate taxes.
*430 Defendant contends, in its brief, that it is exempt from any liability because:
... The Summit Civic Foundation created housing for twenty-eight families dispossessed from their homes when the City of Summit condemned the homes. Thus, the Summit Civic Foundation has been performing a charitable purpose by relieving [people] from disease, suffering and constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government.
Plaintiff responds that the charitable immunity statute is not applicable, because defendant, although a nonprofit corporation, is not one which is organized exclusively for charitable purposes.
The charitable immunity statute, N.J.S.A. 2A:53A-7, provides:
No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall ... be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association.
A charitable institution is defined in 14 C.J.S., Charities, § 2, as follows:
... one for the relief of a certain class of persons, either by alms, education, or care, a corporate body or establishment instituted and organized for public use, a public institution partaking of some of the duties of government. [at 460]
A charitable organization is defined in Black's Law Dictionary, (rev. 4 ed.) as:
One which has no capital stock and no provision for making dividends and profits, but derives its funds mainly from public and private charity, and holds them in trust for the objects and purposes expressed in its charter. [citation omitted] One conducted not for profit, but for promotion of welfare of others. [At ___; citation omitted]
A charitable purpose has been defined by the New Jersey Supreme Court as:
[A]n application of property for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering and constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens on government. [Presbyterian Homes v. Division of Tax Appeals, 55 N.J. 275, 284, 261 A.2d 143 (1970) *431 (quoting Coyne Electrical School v. Paschen, 12 Ill.2d 387, 146 N.E.2d 73, 79 (1957))]
Defendant's certificate of incorporation sets forth its purpose as follows:
(a) To the alleviation and elimination, so far as possible, of sub-standard or undesirable living conditions of low-income residents of the City of Summit, Union County, New Jersey, which are detrimental to the health and welfare of such residents and of the community.
(b) To provide, solely or in conjunction with others, for the acquisition, construction, maintenance, equipment, repair and improvement of lands and buildings in the said City of Summit which may be rooted, or sold, at low cost to low-income residents of said City for residence purposes.
(c) In general, to promote the welfare of residents of the said City of Summit, whether in general or in individual cases, either directly or throughout the use of charitable activities, agencies or institutions already organized or established for such purposes, or which may from time to time hereafter be so organized or established, all in such manner as the trustees of the corporation shall sanction or adopt.
Defendant's certificate of incorporation clearly sets forth a charitable purpose. However, a purpose set forth in a certificate of incorporation is not conclusive as to whether an organization is in fact a charitable one.
While a reading of the articles of incorporation as a whole should be sufficient to determine the real purposes of a particular institution, its character is to be determined not alone by the power and purposes defined in its articles, but also by its method of operation, and to this end, any facts having rational probative value are admissible for the purpose of showing its character. [Am.Jur.2d, Charities, § 182 at ___]
In the case of The Presbyterian Homes v. Division of Tax Appeals, supra, the Supreme Court held that a retirement community in which the residents paid rent and which was owned by a nonprofit church group, was not a charity and thus not entitled to a real property tax exemption. In doing so, the court said:
Nonprofit status cannot be equated with charitableness. Rather it is but one factor which merits consideration in the determination whether property is being used for charitable purposes. [55 N.J. at 286, 261 A.2d 143.]
The court went on to state that:
... charging rental does not necessarily deny a charitable purpose under N.J.S.A. 54:4-3.6. [Id. at 287, 261 A.2d 143.]
The court then said:

*432 Notwithstanding the above, petitioner argues that the care of the aged, whether rich or poor, is a "charitable work" and, therefore, property used in carrying out such work is "used actually and exclusively for charitable purposes." The basic deficiency in petitioner's argument, however, is that the residents of Meadow Lakes have purchased that which they are receiving; quid pro quo permeates the entire operation. [Ibid.]
In Parker v. St. Stephen's Urban Div., 243 N.J. Super. 317, 579 A.2d 360 (App.Div. 1990), the Appellate Division addressed a factual pattern similar to the one in this case, except that defendant organization in that case had utilized federal funds in the construction and maintenance of its building. The Court held that the defendant nonprofit corporation was created purely as a conduit for federal funds and was therefore not a charity. In so holding, the court reiterated the conclusion in The Presbyterian Homes case, supra, that nonprofit status does not equate with charity and stated:
... the performance of useful service does not per se compel the corollary that a corporation meets the standard for charitable immunity. What is required is an examination of the entity seeking to clothe itself in the veil of charitable immunity to discover its aims, its origins, and its method of operation in order to determine whether its dominant motive is charity or some other form of enterprise. [243 N.J. Super. at 324-25, 579 A.2d 360]
The court further said:
Equally important is the absence from defendant's operation of fund-raising activities and charitable contributions. As far as our research reveals, no New Jersey case has ever applied the immunity statute in circumstances such as these. Private charitable contributions have been involved at least in part of every case in which immunity has been conferred. [Id. at 326, 579 A.2d 360, citations omitted]
The court also quoted from the case of Winters v. City of Jersey City, 120 N.J. Super. 129, 293 A.2d 431 (App.Div. 1972), in which Judge Lynch said:
The words describing those organizations upon which the statute confers either total or limited immunity ("nonprofit corporation," etc.), have developed an established connotation in our law, i.e., a private charity which depends on charitable contributions and whose funds are held in trust solely for the purpose of the charity. [243 N.J. Super. at 327, 579 A.2d 360 (quoting 120 N.J. Super. at 138, 293 A.2d 431)]
The Parker court went on to say:

*433 Defendant clearly falls outside the scope of this definition. Defendant is not a private charity which depends for its support on charitable contributions.... [243 N.J. Super. at 327, 579 A.2d 360]
Finally the court noted:
The inquiry in each case should focus on the essence of the entity itself. If a nonprofit corporation is performing a charitable service and is essentially supported through charitable contributions, the fact that it happens to receive some government support would not alter its nature as a charity for immunity purposes. [Id. at 327, 579 A.2d 360]
The Summit Civic Foundation undoubtedly performs a social service by providing decent housing at a fair rental to persons of low income. But it receives no gifts and is not supported through charitable contributions. It does not make charitable contributions nor perform charitable services. Its income is derived solely from rents received from tenants who are subject to eviction if they do not pay the rent. Its operation is no different from any other owner of property except that this owner receives no profits from its ownership.
The foundation's purpose is laudable. It is to be commended for affording decent housing to citizens who need it. But defendant foundation fails to meet the criteria necessary for it to be considered a charity. Profitless altruism is not charity. There must be more. There must be a clear charitable purpose coupled with charitable deeds in order for an organization to be a charity. Defendant foundation does not meet this test and therefore is not a charity.[2]
Defendant's motion is denied.
NOTES
[1] Defendant's property has been granted a tax exemption under section 501(c)(3) of the Internal Revenue Code.
[2] This court notes the Supreme Court dicta in Hoglund v. City of Summit, 28 N.J. 540, 147 A.2d 521 (1959), a case involving defendant, Summit Civic Foundation, in which the Court states:

For purposes of the constitutional objection raised by the appellant we find it unnecessary to determine whether the admitted public purpose of the Foundation to provide housing for persons displaced by the enforcement of the substandard housing ordinance provides an additional prop to support the municipality's action. We need not speculate, in the instant case, on the question of whether a municipality may make a donation in the form of money, credit or by any other means which are not in themselves properly governmental activities, to a private charitable enterprise. [at 550, 147 A.2d 521]
This court does not consider this dicta as a recognition by the Supreme Court that defendant foundation is a charitable institution.